IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

**REX SULLIVAN and ROSE SULLIVAN,**

    Plaintiff,                                      Case No. 1:19-CV-00173-HSM-CHS

v.                                                     Judge Christopher H. Steger

**RESOLUTE FP US, INC.**                    Jury Demand

    **Defendant.**

## AMENDED COMPLAINT

**COME NOW** the Plaintiffs, Rex Sullivan and Rose Sullivan, by and through counsel, and bring this cause of action for injuries and damages against the Defendant as hereinafter described and respectfully represent as follows:

1. Plaintiffs are residents of Rhea County, Tennessee.

2. Defendant, Resolute FP US Inc. (hereinafter "Resolute") is a corporation formed in Delaware with a Principal Office located in Calhoun, Tennessee, doing business in the State of Tennessee, and doing business in Rhea County, Tennessee, and owning property in Rhea County, Tennessee.

3. Defendant Resolute is subject to the jurisdiction of this Court.

4. Defendant Resolute may be served through its registered agent: CT Corporation System, 300 Montvue Road, Knoxville, TN 37919.

5. On or about November 23, 2018, at approximately 6:15 a.m., Rex Sullivan was operating his 1999 Nissan Altima traveling east on Liberty Hill Road, in Rhea County, Tennessee.

6. At the above time and location, Rex Sullivan was operating his vehicle in a lawful and safe manner.

7. At the above time and location, Rex Sullivan approached a curve located at or near Latitude 25.583850 Longitude -85.004210. It was dark with no lighting.

8. At the above time and location, as Rex Sullivan approached the curve, his tires hit dirt and debris located on the road, which caused him to lose control of his vehicle, resulting in him striking an embankment and his vehicle overturning, and causing the injuries, losses, and damaged asserted and complained of herein.

9. The property abutting the highway at the location where the crash occurred was at all relevant times owned, controlled, and/or possessed by Abibow US Inc. a/k/a Resolute FP US Inc.

10. Abibow US Inc. Amended its Certificate of Incorporation in 2012, such that they are now named "Resolute FP US Inc."

11. At all relevant times, Defendant engaged in logging operations at the property abutting Liberty Hill Road, including using a driveway that intersects Liberty Hill Road at the exact location where Mr. Sullivan lost control of his vehicle due to debris in the road.

12. The collision occurred as a direct result of the negligence and carelessness of the Defendant in causing debris to accumulate on the road, thereby causing Mr. Sullivan to lose control of his vehicle, and sustain serious injuries.

13. Rex Sullivan was injured as a direct result of the following reckless and negligent acts, omissions, and conduct on the part of the Defendant, including but not limited to:

    a. Failing to prepare a proper road entrance/exit;

b. Failure to use well-known tools including mats, rocking, and road underlayment fabric to provide a solid surface at the area where the defendant's road meets the public highway where the wreck occurred;

c. Failure to take immediate and appropriate action to remove, push, and/or wash away the hazardous condition caused by the Defendant on the roadway;

d. The defendant knew or should have known that debris on the road constituted a hazardous condition;

e. Failure to exercise ordinary care under the circumstances;

f. Creating a hazardous condition on the roadway;

g. Failure to warn of the hazardous condition;

h. Violation of TCA 55-8-170;

i. Negligence *per se;*

j. Such other acts of negligence which will be shown at the trial of this matter and which are copied herein *in extenso.*

14. Defendant was regularly engaged in the selection of companies to cut, transport, and deliver timber. At all material times, Defendant had an obligation and duty to hire safe trucking companies and contractors to transport and deliver timber. Defendant knew or should have known that James Carden Trucking, the contractor hired to cut, transport, and deliver timber during the relevant time period at the property identified herein, was unsafe and a danger to public. Despite Defendant's knowledge, Defendant deliberately chose James Carden Trucking to cut, transport and deliver timber at all relevant times. Defendant acted carelessly, negligently, and recklessly in selecting James Carden Trucking to cut,

transport, and deliver timber at the subject property. The wreck occurred as a direct and proximate result of the following acts, omissions, and conduct on the part of Defendant:

   a. Negligence in hiring and/or contracting with James Carden Trucking;

   b. Negligence in failing to adequately supervise James Carden Trucking;

   c. Negligence in failing to train James Carden Trucking to observe safe practices as it concerns ensuring that the road where Plaintiff was traveling was free from debris left by the vehicles entering and exiting the subject property;

   d. Negligence in hiring, training, supervising, and retaining James Carden Trucking;

   e. Failing to ensure James Carden Trucking prepared a proper road entrance/exit;

   f. Failing to ensure that James Carden Trucking used use well-known tools including mats, rocking, and road underlayment fabric to provide a solid surface at the area where the defendant's road meets the public highway where the wreck occurred;

   g. Failure to ensure that James Carden Trucking took immediate and appropriate action to remove, push, and/or wash away the hazardous condition(s) on the roadway;

   h. Failure to exercise ordinary care under the circumstances; and,

   i. Failing to promulgate and enforce rules and regulations to ensure James Carden Trucking acted in a reasonably safe manner as it concerns the motoring public and debris left on the road.

15. As a direct and proximate result of the Defendant's negligence, Rex Sullivan sustained permanent injury, physical pain and mental suffering, loss of earning capacity, disfigurement, and loss of enjoyment of life. He has incurred medical expenses and will continue to incur medical expenses in the future.

16. Rex Sullivan's vehicle was totaled as a result of the wreck and negligence of the Defendant. Rex Sullivan is entitled to compensation in an amount equal to the value of said vehicle, plus loss of use of the vehicle, as well as storage and towing costs.

17. Plaintiff, Rex Sullivan, demands judgment against Defendant in a reasonable amount to be determined by the trier of fact sufficient to provide full compensation for all his damages, not to exceed $1,000,000.00, plus the cost of this cause.

18. Plaintiff, Rose Sullivan, as the spouse of Rex Sullivan, is entitled to damages from the Defendant for loss of consortium, services, and love and affection of her husband, in an amount to be determined by a jury at trial, not to exceed $100,000.00.

**WHEREFORE**, Plaintiffs demand:

(i) That they have judgment against the Defendant in a reasonable sum to be determined by a jury at trial, not to exceed $1,100,000.00, plus the costs of this cause;

(ii) That a jury be empaneled to try the issue when joined; and

(iii) That they have such other and further and relief as may be just, proper, and reasonable.

Respectfully submitted,

**THE HAMILTON FIRM**

By: s/ Patrick A. Cruise
**PATRICK A. CRUISE, BPR #024099**
**HUBERT E. HAMILTON, BPR #012530**
*Attorney for Plaintiffs*
2401 Broad Street, Suite 102
Chattanooga, TN 37408
Phone: (423) 634-0871
Fax (423) 634-0874

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 10, 2019, a copy of the foregoing documents was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

By: s/ Patrick A. Cruise
**PATRICK A. CRUISE, BPR #024099**